**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**                                                          **101 West Lombard Street**
**Douglas R. Miller**                                              **Baltimore, Maryland 21201**
**United States Magistrate Judge**        **MDD_DRMChambers@mdd.uscourts.gov**
                                                                              **(410) 962-7770**

March 17, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Rondie B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
         Civil No. 25-1151-DRM

Dear Counsel:

On April 7, 2025, Plaintiff Rondie B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 9, and the parties' briefs, ECF Nos. 14, 17, and 19. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on November 14, 2018, alleging a disability onset of January 5, 2018. Tr. 453-525. Plaintiff's claims were denied initially and on reconsideration. Tr. 174-186. On February 14, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 78-113. Following the hearing, on April 3, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] from November 14, 2018, the date the application was filed, through February 1, 2019. Tr. 142-159. The Appeals Council vacated the ALJ's decision and remanded the case for the ALJ to consider whether Plaintiff was disabled from February 2, 2019 through July 1, 2022. Tr. 162. On April 17, 2024, the ALJ held a second hearing and on May 16, 2025, issued a written decision determining that the Plaintiff was not disabled since November 14, 2018, the date the application

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on April 7, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Rondie B. v. Bisignano*
Civil No. 25-1151-DRM
March 17, 2026
Page 2

was filed. Tr. 37-59. On February 14, 2025, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the second May 16, 2025 ALJ decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a). Plaintiff now appeals to this Court.

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 14, 2018. Tr. 43. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "personality disorder; mood disorder; and depressive disorder." Tr. 43. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "human immunodeficiency virus (HIV) infection, hypertension, vitamin D deficiency, and hyperlipidemia." Tr. 43. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 44.

The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitation: "the claimant can occasionally interact with coworkers, supervisors, and the general public." Tr. 46. The ALJ determined that Plaintiff had no past relevant work, but could perform other jobs that existed in significant numbers in the national economy such as industrial cleaner, laundry worker, and hand packager. Tr. 51-52. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 52.

## III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a

*Rondie B. v. Bisignano*
Civil No. 25-1151-DRM
March 17, 2026
Page 3

preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.    **ANALYSIS**

On appeal, Plaintiff argues that the ALJ erred by denying his request to reopen a prior disability determination issued on April 11, 2018, without providing any supporting rationale. ECF No. 14 at 5. Plaintiff contends that, because the request to reopen fell within the regulatory one-year reopening window, the ALJ was required to include a finding and explanation addressing the reopening request under the SSA's Hearings, Appeals and Litigation Law Manual ("HALLEX"). *Id.* at 6. According to Plaintiff, reopening the prior claim was critical because his subsequent incarceration beginning in February 2019 rendered him ineligible for SSI benefits thereafter; thus, reopening the January 2018 application was the only pathway for obtaining a closed period of benefits from January 2018 until his incarceration. *Id.* 7-9. Plaintiff also asserts that the claim was effectively or constructively reopened because the ALJ considered medical evidence from the earlier period and because a prior ALJ decision had adjudicated the period beginning in January 2018. *Id.*

In response, the Commissioner argues that the decision whether to reopen a prior claim is discretionary and generally not subject to judicial review. ECF No. 17 at 5. The Commissioner contends that the ALJ explicitly declined to reopen the prior determination and therefore properly limited the adjudicated period to the November 2018 application date. *Id.* at 6. The Commissioner further argues that Plaintiff suffered no prejudice from the refusal to reopen because incarceration affects only payment eligibility, not the disability determination itself, and the ALJ independently found that Plaintiff was not disabled at any time since the November 2018 application date. *Id.* at 7. Accordingly, the Commissioner maintains that the ALJ's decision should be upheld.

In reply, Plaintiff reiterates that the ALJ's failure to explain the denial of reopening warrants remand and argues that the ALJ effectively addressed the merits of the earlier claim, thereby triggering the doctrine of constructive reopening. ECF No. 19 at 2. Plaintiff also maintains that the Commissioner's attempt to separate disability from benefit eligibility overlooks the practical reality that the period covered by the earlier application was the only period during which Plaintiff could potentially receive SSI benefits. *Id.*

Only after a "final decision" may a claimant obtain judicial review in federal court. *See* 42 U.S.C. § 405(g). Generally, a federal court does not have jurisdiction over the Commissioner's refusal to reopen a claim, as such a refusal is not a "final decision." *Califano v. Sanders,* 430 U.S. 99, 107–09 (1977). Rather, a determination not to reopen an earlier application is generally considered an interim decision not reviewable under § 405(g). *See* 20 C.F.R. § 416.1400(a)(5); 20 C.F.R. § 416.1403(a)(5).

*Rondie B. v. Bisignano*
Civil No. 25-1151-DRM
March 17, 2026
Page 4

Review of a decision not to reopen a prior application is generally barred by the doctrine of *res judicata. See McGowen v. Harris,* 666 F.2d 60, 65–66 (4th Cir. 1981). There are two exceptions to this rule. A court has subject matter jurisdiction to review the Commissioner's determination not to reopen a prior application when (1) a colorable constitutional claim is raised, or (2) the Commissioner addresses the merits of a prior application when denying a petition to reopen that application, thereby constructively reopening the prior application. *See Sanders,* 430 U.S. at 108; *McGowen,* 666 F.2d at 65–66; *Kasey v. Sullivan*, 3 F.3d 75, 78 (4th Cir. 1993). Section 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." *Sanders,* 430 U.S. at 107–08. "Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." *Id.* at 108. The opposite interpretation "would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Id.*

Here, the Court lacks jurisdiction to review the ALJ's refusal to reopen Plaintiff's April 2018 determination. Plaintiff does not raise a constitutional claim. Instead, Plaintiff first argues that the Commissioner constructively reopened the prior determination because the ALJ "relied on medical evidence between January 2018 and April 2018 (the dates of Plaintiff's prior application and unfavorable determination, respectively) to again deny Plaintiff's claim." ECF No. 19 at 3. However, the Fourth Circuit has explained that constructive reopening occurs only when the Commissioner reconsiders the merits of the earlier claim. *McGowen*, 666 F.2d at 65–66. The mere consideration of medical evidence predating the current application does not constitute constructive reopening, particularly where the ALJ expressly declined, *see* Tr. 41, to reopen the prior determination. *See Osgar v. Barnhart,* No. CIV. A. 0:02-2552-18B, 2004 WL 3751471, at *4 (D.S.C. Mar. 29, 2004) (rejecting plaintiff's "conten[tion] that the ALJ's review of medical evaluations conducted prior to the termination of his benefits resulted in a constructive reopening," because "[a]t most, these references amounted to mere consideration of evidence from an earlier application, which, as a matter of law, is insufficient to constitute a constructive reopening") (citation omitted), *aff'd*, 117 F. App'x 896 (4th Cir. 2005). *See also Halsey v. Colvin,* No. 1:12CV00037, 2013 WL 4759088, at *2 (W.D. Va. Sept. 4, 2013).

Plaintiff also argues that because the April 3, 2023, ALJ decision "addressed and adjudicated the period from January 5, 2018 to February 1, 2019," the Appeals Council's remand of that decision "explicitly reopened Plaintiff's prior determination dated April 11, 2018." ECF No. 19 at 3-4. Plaintiff's argument is unpersuasive because it conflates the scope of the period under consideration with the separate question of whether a prior final determination has been reopened. The Appeals Council's remand addressed the scope of the adjudicated period in the 2023 decision and directed further administrative proceedings. It did not reopen the April 2018 initial determination. A directive to consider an earlier period or evidence predating the current application does not, without more, constitute a reopening of a prior final determination. More importantly, the ALJ who issued the final decision expressly considered Plaintiff's request to reopen and declined to do so. Tr. 41. Because the final administrative decision explicitly denied reopening, the Appeals Council's earlier procedural remand does not establish constructive

*Rondie B. v. Bisignano*
Civil No. 25-1151-DRM
March 17, 2026
Page 5

reopening of the prior claim. Accordingly, the Court lacks jurisdiction to review the ALJ's discretionary refusal to reopen the April 11, 2018, determination.

Even assuming the Court could review the issue, Plaintiff's arguments would fail on the merits. The ALJ stated:

> At the hearing, the claimant's representative referenced the possibility of reopening a prior determination issued in January 2018. To the extent that the representative's statement constitutes a request to reopen the prior determination dated April 11, 2018, regarding the claimant's prior application filed on January 24, 2018, the request is denied, as I do not find any reason for reopening the prior determination (20 CFR 416.1488).

Tr. 41.

Plaintiff argues that because the request to reopen fell within the regulatory twelve-month reopening period, the ALJ was required either to reopen the prior determination or provide a sufficient explanation for declining to do so. ECF No. 14 at 6. In support of these contentions, Plaintiff points to HALLEX 01290.010, 1993 WL 643070, which requires that "[a]n ALJ must reopen a determination or decision if the conditions and timeframes for reopening are met . . . , the ALJ has jurisdiction over the issue, and the facts and evidence of the particular case warrant reopening," and that "[w]hen the ALJ issues a decision on a current application in which a claimant expressly requested reopening of a prior determination or decision, the ALJ will include a finding on the reopening and revision issue in the decision, with supporting rationale."[3]

In contrast to the mandatory language in HALLEX, the Social Security regulations on reopening are permissive: the agency *may* reopen a final decision on an SSI claim within twelve months for any reason. 20 C.F.R. § 416.1488(a). However, "the decision to reopen is 'discretionary' and not subject to review by this Court, absent a colorable constitutional claim." *Harris v. Astrue*, No. PWG-10-3288, 2012 WL 5936998, at \*2 (D. Md. Nov. 26, 2012). *See Califano v. Sanders*, 430 U.S. 99, 107–08 (1977) (concluding that the Act does not authorize judicial review of the Agency's discretion in refusing to reopen a claim for Social Security benefits); *McGowen*, 666 F.2d at 65 (explaining that the court lacks jurisdiction to review a decision not to reopen a claim for benefits unless there are constitutional questions at issue).

After twelve months, an SSI decision *may* be reopened within two years for "good cause," including if "new and material evidence is furnished"; if a clerical error was made; or if the evidence considered in making the decision shows, on its face, that an error was made. 20 C.F.R. §§ 416.1488(b), 416.1489. After two years, an SSI decision *may* be reopened if the decision was obtained by fraud or "similar fault," determined by considering any "physical, mental, educational, or linguistic limitations" that the claimant may have had at the time. 20 C.F.R. § 416.1488(c).

---

[3] SSA has recently undertaken a renumbering of HALLEX; section 01290.010 was previously numbered I-2-9-10(A). *See* https://www.ssa.gov/OP_Home/hallex/convchart.html.

*Rondie B. v. Bisignano*
Civil No. 25-1151-DRM
March 17, 2026
Page 6

*Meyers v. Comm'r, Soc. Sec. Admin.*, No. ELH-18-129, 2018 WL 4333748, at *2 (D. Md. Sept. 11, 2018), *report and recommendation adopted sub nom. Meyers v. Comm'r, Soc. Sec.*, No. 18-00129-ELH, 2018 WL 5026378 (D. Md. Oct. 17, 2018).

The Fourth Circuit has not spoken to the authority of HALLEX. As this Court noted in *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542 (D. Md. Mar. 31, 2021):

> The Court has found no mandatory precedent establishing the HALLEX manual's legal effect. Courts of Appeals deciding the issue have reached conflicting conclusions. *Compare Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (observing that the HALLEX manual "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court,...[and is] entitled to respect under" *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944),...to the extent it has the 'power to persuade.'") (citing *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000)) (internal citation omitted) (internal quotation marks omitted), with *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000) (holding that though the HALLEX manual is not legally binding, the SSA's failure to follow it causes prejudice and, consequently, reversible error); *Way v. Astrue*, 789 F. Supp. 2d 652, 665-66 (D.S.C. Apr. 27, 2011) (adopting the Fifth Circuit's approach after noting the Fourth Circuit has been silent on the legal effect of the HALLEX manual).

*Quattlebaum,* 2021 WL 1225542, at *3 ("declin[ing] to decide the legal effect of the HALLEX manual" because none of the plaintiff's cited provisions would affect the outcome of his appeal). *See also Bordes v. Comm'r*, 235 F. App'x 853, 859 (3d Cir. 2007) (HALLEX provisions "lack the force of law and create no judicially-enforceable rights.")

This Court has, however, held on at least two occasions that violation of a HALLEX provision can be reversible error where it resulted in prejudice to the plaintiff. *Anthony F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-22-2771, 2023 WL 7554109, at *5 (D. Md. Nov. 14, 2023); *Maxine C. v. Kijakazi*, No. 22-0528-BAH, 2022 WL 16856272, at *3 (D. Md. Nov. 10, 2022).

In this instant case, Plaintiff has not demonstrated prejudice resulting from either the ALJ's decision not to reopen the April 11, 2018 determination, or from any deficiency in the ALJ's brief explanation of that decision. As the Commissioner notes, incarceration affects eligibility for payment of SSI benefits but does not preclude the ALJ from determining whether a claimant was disabled during the relevant period. *See* 20 C.F.R. § 416.211(a). Thus, Plaintiff's incarceration in 2019 did not affect the ALJ's consideration of whether Plaintiff was disabled at the time of his November 2018 application. Indeed, the ALJ explicitly said as much: "This decision also does not consider other factors affecting eligibility for supplemental security income, such as being a resident of a public institution." Tr. 41. The ALJ independently determined that Plaintiff was not disabled beginning with the November 14, 2018 application date. Plaintiff nowhere suggests that the ALJ would nonetheless have found Plaintiff disabled during the period January 24, 2018 through November 13, 2018, had the prior determination been reopened. Accordingly, Plaintiff

*Rondie B. v. Bisignano*
Civil No. 25-1151-DRM
March 17, 2026
Page 7

has not shown that either reopening the earlier application, or a more detailed explanation for not doing so, would have altered the outcome of the administrative proceeding.

For these reasons, the Court affirms the ALJ's decision.

## V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge